**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EMMETT J. LYNCH and ) <br> TARA LYNCH, ) <br>  ) <br> Plaintiffs, ) <br>  ) No.    04 C 5136 <br> v. ) <br>  ) Judge Robert W. Gettleman <br> SAMMY YOUNG, individually and in his official ) <br> capacity as Superintendent of the Cook County ) <br> Sheriff's Department of Correction; ERIC ) <br> KELLOGG[1]; THE CITY OF HARVEY, ) <br> ILLINOIS; KEVIN ENYAR, individually and ) <br> in his official capacity as a Cook County ) <br> Sheriff's Police Officer; and LONNIE SMALL, ) <br> individually and in his official capacity as ) <br> Sergeant of the Cook County Sheriff's Police, ) <br>  ) <br> Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Emmett and Tara Lynch have asserted claims under 42 U.S.C. § 1983 for violations of their rights under the Fourth Amendment to the U.S. Constitution, and state law claims for intentional infliction of emotional distress ("IIED"). On January 5, 2006, after granting in part and denying in part defendants' motions to dismiss, the court referred this matter to Magistrate Judge Morton Denlow for discovery supervision. On February 7, 2006, plaintiffs' counsel failed to appear for a conference before Judge Denlow. Judge Denlow entered an order that day, resetting the matter for April 13, 2006. Judge Denlow's order stated that he would recommend the case be dismissed for want of prosecution if plaintiffs' counsel did not appear at

---

[1]The court notes that it dismissed the official capacity claims against Kellogg in the Memorandum Opinion and Order dated November 17, 2005. 2005 WL 3115172, at *6 (N.D.Ill. Nov. 17, 2005). The parties are directed to amend the caption on future submissions.

the next status hearing. Plaintiffs' counsel failed to appear on April 13, 2006, and Judge Denlow entered a minute order recommending dismissal for want of prosecution. On May 3, 2006, defendants filed a motion seeking dismissal of the case based on Judge Denlow's recommendation.

Under the Federal Magistrates Act ("FMA"), when a magistrate judge makes a recommendation regarding the disposition of a referred matter or pretrial motion, a party who disagrees with the recommended disposition may file objections with the district court within 10 days. 28 U.S.C. § 636(b)(1). Section 636(b)(1)(C) provides that a judge "shall make a de novo determination" of those portions of the recommendation to which an objection is made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Under Fed. R. Civ. P. 72(a), a party may file objections within ten days of being served with a copy of the recommendation, and "a party may not thereafter assign as error a defect in the magistrate judge's order to which timely objection was not made." A failure to object to the magistrate's report and recommendation results in a waiver of appellate review of both factual and legal questions. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

In the instant case, plaintiffs concede that they failed to object to Judge Denlow's recommendation that the case be dismissed for want of prosecution. Defendants argue that they thereby waived their objection and that this waiver precludes review of that decision. Defendants are half-right. Failure to file objections to a magistrate's report with the district judge waives the right to appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539-40 (7th Cir. 1986); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (Sixth Circuit rule permitting both the district court and the court of appeals to refuse to review a magistrate's report absent timely

2

objection does not violate the Constitution). In addition, plaintiffs have failed to demonstrate "sufficient cause for failing to object," which the Seventh Circuit has held may excuse waiver. United States v. Raymond, 228 F.3d 804, 810 (7th Cir. 2000), cert. denied, 533 U.S. 902 (2001); Video Views, 797 F.2d at 539-40. Accordingly, plaintiffs have waived their right to object or appeal.

Defendants' argument that plaintiffs' failure to object precludes this court from modifying Judge Denlow's order, however, ignores a district judge's final authority under the FMA and caselaw in this Circuit. In Delgado v. Bowen, 782 F.2d 79 (7th Cir. 1985), the Seventh Circuit rejected the defendants' argument that a party's failure to object restricts a district judge's power to modify a magistrate judge's order even when no objection is made. Like defendants here, the plaintiff in Delgado mistakenly focused on the more typical "waiver" question under 28 U.S.C § 636(b): whether a party waives its right to appeal the district court's decision when the party fails to object to the magistrate's recommendation.[2] Waiver, however, affects the rights of the parties, not the powers of a judge. Delgado, 782 F.2d at 82 n. 2. The Delgado court held that the FMA "should be read as *permitting* modifications and de novo determinations by the district judge at all times but *mandating* de novo determinations when objections are raised." Id. at 82 (emphasis in original). Thus, because "the judge retains final authority, he 'may freely reject the magistrate's recommendation,' and, even when no objection was made, he may make a de novo determination." Id. (internal citations omitted). Plaintiffs'

---

[2]The court notes that defendants do not shoulder the blame for their tangential analysis alone; plaintiffs' response to the motion to dismiss relied heavily on waiver cases.

3

failure to object to Judge Denlow's recommendation therefore does not preclude modification by this court.

The Eighth Circuit has noted that the absence of objection does not relieve the district court of "its obligation to act judicially, or to decide for itself whether the magistrate's report is correct."  Lorin Corp. v. Goto & Co., 700 F.2d 1202, 1206 (8th Cir. 1983).  Many courts, including in this circuit, have noted that although review is not required absent objections, the "better practice...is to afford some level of review to dispositive issues."  Henderson v. Carlson, 812 F.2d 874, 878 (3rd Cir. 1987), cert. denied, 484 U.S. 837 (1987); Hoffman v. Grossinger Motor Corp., 1998 WL 547312, at *4 (N.D.Ill. Aug. 27 1998); Zempel v. Cygan, 916 F.Supp. 889, 891 (E.D.Wis. 1996); Miller v. Vesta, Inc., 946 F.Supp. 697, 701 (E.D.Wis. 1996).  If accepted, Judge Denlow's recommendation of dismissal would be dispositive.  For the reasons discussed below, the court respectfully declines to accept Judge Denlow's recommendation.

"Dismissal for failure to prosecute is an extraordinarily harsh sanction" that should be used "'only in extreme situations, when there is clear proof of delay or contumacious conduct, or when other less dramatic sanctions have proven unavailing.'"  Dunphy v. McKee, 134 F.3d 1297, 1299 (7th Cir. 1998) (quoting In re Bluestein &Co., 68 F.3d 1022, 1025 (7th Cir. 1995).  In Ball v. City of Chicago, 2 F.3d 752, 759-60 (7th Cir. 1993), the Seventh Circuit listed the factors typically considered in determining if the harsh sanction of dismissal is warranted.

> "To summarize, the decision whether to dismiss a suit for failure to prosecute should, ideally, take full and careful account of the frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit and (what is closely related) the consequences of

dismissal for the social objectives of the type of litigation the suit represents." Ball, 2 F.3d at 759-60.

Although defendants cite Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998), which quotes the Ball analysis, they focus primarily on the first portion of the first factor, the frequency of plaintiffs' counsel's failures.

Defendants are correct that plaintiffs' counsel has an unfortunate and unprofessional habit of missing court dates before this court and Judge Denlow. This court entered an order dismissing the case for want of prosecution on September 1, 2005, after plaintiffs' counsel missed two court dates. The case was reinstated when counsel appeared on September 7, 2005, but plaintiffs' counsel subsequently failed to appear for a hearing on a plaintiffs' motion on November 2, 2005. After being stood up by plaintiffs' counsel in February, Judge Denlow properly warned plaintiffs in a minute order that the case would be dismissed if their counsel failed to appear on April 13, 2006. His decision to follow through on that threat was neither hard to understand nor clearly erroneous. Respect for the time of the court and opposing counsel, as well as professional responsibilities, demand that lawyers correctly calendar court dates and timely appear, and there is no excuse for plaintiffs' counsel's repeated absences. The frequency of plaintiffs' counsel's failings weigh in favor of dismissal.

All of the other factors identified by Ball, however, mitigate against such an extreme sanction against plaintiffs. Defendants do not suggest that plaintiffs themselves bear any responsibility for their counsel's absences. Although this court, Judge Denlow, and opposing counsel have been forced to reschedule dates, defendants do not argue that they have been otherwise prejudiced by plaintiffs' counsel's dilatory conduct. Plaintiffs have not missed a significant filing date, and plaintiffs' counsel has prosecuted the case, including serving

discovery requests, noticing depositions, and taking written depositions of witnesses.  Cf. Ball, 2 F.3d at 754 (affirming district court's dismissal based failure to answer interrogatories after four missed court dates).  In addition, the court is not unmindful of the stress placed on plaintiffs' counsel's solo practice by his appointment to represent the lead defendant in United States v. Tejeda, 05 CR 194, a multi-defendant conspiracy case that included thousands of hours of recorded conversations to be reviewed by defense counsel.  The five-week trial before this court in Tejeda began in mid-May, 2006, and plaintiffs' counsel performed admirably, indicating that he had been diligently preparing throughout the Spring.

Most significantly, the nature of plaintiffs' surviving claims cut strongly against dismissal.  The Ball court noted that civil rights tort suits have two objectives from a social standpoint, deterrence and compensatory, and that each is defeated or impaired by a dismissal for failure to prosecute.  2 F.3d at 757.  If a case is dismissed "the defendant walks away scot free even if he did in fact commit the tort," and the plaintiff's only route to compensation is a suit for legal malpractice against the lawyer responsible for the dismissal, which is "an uncertain route to compensation."  Id. (internal citations omitted).  Plaintiffs in the instant case allege that a number of law enforcement officers and officials for the City of Harvey, Illinois, violated their Fourth Amendment rights and intentionally inflicted emotional distress through a pattern of harassment, intimidation, and slander.  At this stage, the court is not prepared to permit such abuses of power, if true, to go unchecked due to a lawyer's neglect.

Defendants suggest that the court should "revisit the merits of plaintiffs' claims," arguing that they have little merit, that plaintiffs are trying to "elevate this dispute between neighbors to a constitutional claim," and that the only remaining claims against Kellogg and the City of Harvey

6

are state-law intentional infliction of emotional distress claims. After narrowing their claims and repeatedly amending their complaint, three of plaintiffs' claims in the fourth amended complaint have survived a motion to dismiss, and the parties are finally at issue. As it ruled in its most recent Memorandum Opinion and Order, the court is satisfied that plaintiffs have sufficiently alleged that a neighborhood spat rose to the level of constitutional violations by some defendants. Lynch, 2005 WL 3115172, at *4-5. Judge Denlow's recommendation was unrelated to the merits of the case, and defendants have offered no reason to reconsider this court's decision on the motion to dismiss.

The court and the parties have already devoted a significant amount of resources to this case. It is not in the interests of society or judicial economy to dismiss this case for failure to prosecute, which will almost certainly trigger a lawsuit for legal malpractice. Accordingly, defendants' motion to dismiss based on Judge Denlow's recommendation of dismissal is denied.

The holdings in this order should not be taken as condoning plaintiffs' counsel's disappointing and unprofessional conduct, or as forecasting this court's future rulings on similar errors. Plaintiffs' counsel is duly cautioned that this court adopts a zero-tolerance policy toward future attorney neglect, and any future missed dates may result in dismissal for want of prosecution.

For the reasons discussed above, the court concludes that plaintiffs' counsel's conduct in this case does not rise (or sink) to the level of an "extreme situation" warranting the "ultimate sanction" of dismissal. See, Rice v. City of Chicago, 333 F.3d 780, 785-786 (7th Cir. 2003). As the court of appeals noted in Rice, the district court should apply "less drastic sanctions" before striking the fatal blow. Accordingly, the court denies defendants' motion to dismiss, and refers

7

this matter to Magistrate Judge Denlow to consider and recommend a less severe sanction against plaintiffs' counsel.

**ENTER:** **July 27, 2006**

_____
**Robert W. Gettleman
United States District Judge**