IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMMETT J. LYNCH AND TARA LYNCH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No.  04 C 5136 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| SAMMY YOUNG, individually and in his ) | |
| official capacity as Superintendent of the ) | |
| Cook County Sheriff's Department of Corrections; ) | |
| ERIC KELLOGG, as an individual; and ) | |
| THE CITY OF HARVEY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a twelve-count fourth amended complaint asserting violations of their Fourth and Fifth Amendment rights under 42 U.S.C. § 1983, as well as state law claims for intentional infliction of emotional distress ("IIED") and slander.  In its November 17, 2005, memorandum opinion and order, this court granted defendants' motion to dismiss Counts II and IV through VI.  <u>Lynch v. Young</u>, 2005 WL 3115172 (N.D. Ill. Nov. 17, 2005).  On February 5, 2007, the parties stipulated to the dismissal of all claims against defendants Kevin Enyar and Lonnie Small.  Defendants Eric Kellogg ("Kellogg") and the City of Harvey, Illinois ("Harvey") have filed a motion for summary judgment as to Counts VIII and IX pursuant to Fed. R. Civ. P. 56.[1]  Defendants have also filed a motion to strike plaintiffs' L.R. 56.1 Statement of Undisputed

---

[1] Plaintiffs' oversized response to the motion for summary judgment does not comply with L.R. 7.1 and addresses all remaining counts in the complaint, as well as counts already dismissed and claims made only in plaintiffs' proposed fifth amended complaint, which this court denied counsel leave to file.  The court reminds plaintiffs' counsel that the only claims remaining in the instant case are: Counts I (§ 1983 violation by defendant Young); VII through IX (IIED by defendants Young, Kellogg, and Harvey); and XII (slander by defendant Young).

Facts. For the reasons discussed below, the court grants defendants' motion to strike the L.R. 56.1 Statement, but denies the motion for summary judgment as to Counts VIII and IX.

## **FACTS**[2]

Plaintiffs Tara Lynch ("Tara") and Emmett Lynch ("Emmett") are married and live in Country Club Hills, Illinois. Defendant Young is a former employee of Harvey and is currently the Superintendent of the Cook County Sheriff's Department of Corrections. Defendant Kellogg is the mayor of Harvey.

The facts of this case are more fully summarized in this court's previous opinion denying Young and Kellogg's motion to dismiss the second amended complaint. Lynch, 2005 WL 946881. The facts discussed in this opinion are those relevant to Counts VIII and IX of the fourth amended complaint, on which defendants now move for summary judgment. In May 2002, defendant Young and his wife, Tanja, purchased the house next door to plaintiffs. A few months later, Young accused plaintiffs' six-year-old son of insulting his six-year-old daughter, and ill will grew between the neighbors. Over the next two years, the Youngs filed a series of noise and trespass complaints against plaintiffs, causing County Club Hills police officers and an

---

[2] Defendants have filed a motion to strike plaintiffs' L.R. 56.1 Statement of Undisputed Facts because it contains more than forty numbered paragraphs. Defendants have also moved to strike the Affidavit of Tony Debois, because plaintiffs' counsel failed to disclose the witness or the affidavit to defendants' counsel prior to the discovery cut-off date of December 15, 2006. Plaintiffs' counsel claims that this court granted him leave to exceed paragraph and page limits under L.R. 7.1. Although the court did grant Mr. Neely leave to exceed paragraph and page limits in filing his own motion for summary judgment, Mr. Neely chose not to file such a motion, opting instead to respond to defendants' motion. The court did not grant Mr. Neely leave to file more than forty numbered paragraphs in his response to defendants' L.R. 56.1 Statement, and it did not grant him leave to file an affidavit without disclosing the document or the witness to opposing counsel. The court therefore grants defendants' motion to strike both the Statement of Undisputed Facts and the affidavit of Tony Debois.

Illinois state trooper to visit plaintiffs' home on multiple occasions. According to plaintiffs, defendant Young, along with defendant Kellogg and Harvey police officers, violated plaintiffs' constitutional rights and engaged in a pattern of harassment and intimidation.

On or about May 15, 2004, defendant Kellogg rang plaintiffs' doorbell. Emmett answered the door, and Kellogg said to him, "I am Eric Kellogg, the Mayor of Harvey. I just wanted to talk to you about the problems that you and Sammy [were] having." Kellogg also told Emmett, "I am trying to get this problem solved between you and Sammy." Kellogg was accompanied by a man wearing a baseball cap and black clothing. Emmett and Kellogg spoke for approximately ten minutes, during which conversation Kellogg told him, among other things, that he and Young "went way back" and not to invite "hood people" to his home or into the neighborhood. During the conversation, Emmett saw a Harvey police officer standing in front of two Harvey police cars that were blocking plaintiffs' driveway; the officer wrote down the license plate numbers of plaintiffs' cars. When Emmett asked the officer why he was "writing stuff down," he replied, "No reason. I am just over here with the mayor." When Emmett asked defendant Kellogg what was happening, Kellogg responded, "I'll stop."

On July 3, 2004, Tara Lynch observed four Harvey police officers standing in defendant Young's driveway, facing plaintiffs' home. The officers were dressed in police uniforms and had their guns visible. They remained in Young's driveway, watching plaintiffs' home, for several hours. Later that day, both plaintiffs and the Youngs had guests at their homes. The Youngs' guests included Kellogg and several Harvey police officers. The Youngs called the Country Club Hills police, who issued parking tickets to several of plaintiffs' guests. Later that

evening, defendant Young's guests arrived and parked in the same spots in which plaintiffs' guests had received parking tickets.

On July 4, 2004, plaintiffs had a barbeque, and defendant Kellogg arrived uninvited. He spoke briefly to Emmett and then entered the kitchen, where he told Tara he wanted to apologize for the events of the previous day. Also on that day, Tara saw four Harvey police officers standing outside her home in uniform, and she called the Country Club Hills police, who told the Harvey police officers to leave. Harvey police officers also appeared at plaintiffs' home on July 7, 2004.

On March 27, 2005, Tara Lynch saw defendant Kellogg and two Harvey police officers with their guns drawn outside her home as they escorted defendant Kellogg into defendant Young's house. Tara Lynch called the Country Club Hills police and videotaped Kellogg and the Harvey police officers.

Plaintiffs allege that as a result of these events, along with others described in the complaint, they have suffered emotional distress. From February 2005 through June 2005, Tara Lynch sought psychiatric care because of stress resulting from the alleged harassment by defendants and fear for her family's safety. Tara saw a psychiatrist approximately ten times and was prescribed sleeping pills to help her cope with her stress. Emmett Lynch also sought psychiatric treatment for anxiety, stress, headaches, and panic attacks from September 2004 to the present because of defendants' conduct. According to Emmett, he received treatment approximately six times.

**DISCUSSION**

Defendants have filed a motion for summary judgment on Counts VIII and IX pursuant to Fed. R. Civ. P. 56(c), which provides that a court should grant a motion for summary judgment if "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits which demonstrate an absence of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c). When reviewing a summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986). The court's role "is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead determine whether there is a genuine issue of triable fact." Doe v. R.R. Donnelley & Sons Co., 42 F.3d 439, 443 (7th Cir.1994).

Respondeat Superior

Defendant Harvey argues that it cannot be held liable for the actions of Kellogg or its police officers because they were not acting within the scope of their employment. In Illinois, "[u]nder a theory of respondeat superior, an employer can be liable for the torts of an employee, but only for those torts that are committed within the scope of employment." Bagent v. Blessing Care Corp., 224 Ill. 2d 154, 163 (2007). For an employee's acts to be within the scope of employment, they must be: (a) the kind for which the employee is employed to perform; (b) substantially within the authorized time and space limits; and (c) actuated, at least in part, by a purpose to serve the master. Id.

In the instant case, according to plaintiffs, the Harvey police officers drove to plaintiffs' home in city-owned police vehicles and stood with defendant Kellogg, the mayor of Harvey, while he spoke with plaintiffs. The officers also recorded license plate numbers and guarded the mayor while they brandished guns. Such actions are certainly well within the ordinary duties of police officers, and they are therefore the kind of actions the officers are employed to perform. Additionally, according to plaintiffs, Kellogg presented himself as the mayor of Harvey when discussing plaintiffs' relationship with Young, and the police officers were performing these acts with the mayor at his request. Such conduct would therefore be actuated, at least in part, by a desire to "serve the master"—in this case, the mayor of the city that employs the officers.

Finally, Kellogg and the police officers acted within authorized time and space limits. Plaintiffs concede that the officers were outside Harvey and therefore not in their jurisdiction when the events in question occurred. Both Country Club Hills and Harvey are within Cook County, however, and in Illinois police officers have the power to make arrests outside their jurisdiction if the location of the arrest is in the same county. 65 ILCS 5/7-4/8 (1998); People v. Kirvelaitis, 315 Ill. App. 3d 667, 669-70 (Ill. App. 2d Dist. 2000). Additionally, the officers were in uniform and driving Harvey police cars, and accompanied by the mayor of the city. The mayor and the officers were therefore entitled to act in their official capacity in Country Club Hills, and plaintiffs had every reason to believe that they were acting under color of law when the incidents in question took place. For that reason, the court finds that defendant Harvey would be liable for the actions of Kellogg and the officers under the theory of respondeat superior should plaintiffs prove the facts alleged.

Intentional Infliction of Emotional Distress

Plaintiffs allege intentional infliction of emotional distress by both Kellogg and Harvey. Under Illinois law, plaintiffs must show that: "(1) the defendants' conduct was extreme and outrageous; (2) the defendants intended to inflict severe emotional distress or knew there was a high probability that the conduct would cause such distress; and (3) the conduct did, in fact, cause severe emotional distress." Treece v. Village of Naperville, 903 F. Supp. 1251, 1259 (N.D. Ill. 1995) (citing Doe v. Calumet City, 641 N.E.2d 498, 506 (Ill. 1994) (abrogated on other grounds)). There is "no liability for [IIED] for mere insults, indignities, threats, annoyances, petty oppressions or trivialities." McGrath v. Fahey, 126 Ill.2d 78, 86 (1988).

Plaintiffs' fourth amended complaint alleges an extensive series of threats, harassment, and abuse of power. "Conduct is 'extreme and outrageous' only when recitation of the facts to an average member of the community would arouse that person's resentment against the actor, and lead that person to exclaim 'Outrageous!'" Doe, 641 N.E.2d at 507. The court finds that there is a genuine issue of material fact as to whether the average community member would find the actions of Kellogg and the police officers outrageous. Additionally, there is an issue of fact as to whether plaintiffs suffered severe emotional distress. For these reasons, the court denies defendants' motion for summary judgment.

## CONCLUSION

For the reasons discussed above, the court grants defendants' motion to strike plaintiffs' L.R. 56.1 Statement of Undisputed Facts, but denies the motion for summary judgment as to Counts VIII and IX. The parties are directed to prepare and file a final pretrial order, complying strictly with the Local Rules of the court and this court's standing order, on or before July 9,

2007. Answers to motions in limine (if any are filed) shall be filed on or before July 16, 2007.

This matter is set for a report on status July 27, 2007, at 9:00 a.m.


**ENTER:     June 8, 2007**

_____
**Robert W. Gettleman
United States District Judge**